

February 9, 2016

**<u>VIA FACSIMILE and ECF</u>**
Honorable Naomi Reice Buchwald
United State District Court
Southern District of New York
500 Pearl Street
New York, New York 10007-1312

> Re:   *Imbruce et al. v. American Arbitration Association, Inc.*
>         Docket No. 15-cv-7508 (NRB)

Dear Judge Buchwald:

    We are counsel to the plaintiffs in the above referenced action, and submit this letter pursuant to Rule 2(E)(1) of Your Honor's Individual Practices, dated September 2013, outlining the substantive arguments advanced in plaintiffs' opposition to defendant's motion to dismiss dated December 11, 2015 (ECF 13).

    *First*, the Court should not apply the doctrine of arbitral immunity to the defendant's post-award conduct.  The defendant's allegedly wrongful conduct occurred outside the temporal scope of the arbitral immunity doctrine, which applies to conduct occurring during (not after) the arbitration's adjudicative process (i.e., before issuance of the arbitral award).  Not one of the cases cited by the defendant applies arbitral immunity in the post-award context – each case addresses conduct occurring unquestionably before issuance of the arbitral award (during the adjudicative process).  In addition, after an arbitral award is issued, the arbitrator and the sponsoring organization (i.e., the defendant) are stripped of jurisdiction under the principles of *functus officio*.  For instance, in *JLM Marketing v. Bloomer*, 2004 WL 2082914 (Conn. Super. Ct. Aug. 8, 2005), the court said, if the arbitrator "is ***not*** *functus officio*" then the arbitrator "is immune from suit."  *Id.* at *4.  It necessarily follows, therefore, that if the arbitrator ***is*** *functus officio*, as is the case here, the defendant is ***not*** immune from suit.  Indeed, the United States Supreme Court has recognized an exception to arbitral immunity in circumstances where alleged conduct occurred clearly without jurisdiction, as is the case here.

    *Second*, plaintiffs' first amended complaint properly alleges the diverse citizenship of each member of the plaintiff limited liability companies.  As a result, this Court has jurisdiction over this action.

Honorable Naomi Reice Buchwald
February 9, 2016
Page 2 of 2

Respectfully submitted,

Richard Gora

cc:     Counsel of Record (VIA ECF)