UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
GREGORY IMBRUCE, GIDDINGS INVESTMENTS,
LLC, GIDDINGS GENPAR LLC, HUNTON OIL
GENPAR LLC, ASYM CAPITAL III LLC,
GLENROSE HOLDINGS LLC and ASYM ENERGY
INVESTMENTS LLC,

                    Plaintiffs,

        - against -

AMERICAN ARBITRATION ASSOCIATION, INC.,

                    Defendant.
----------------------------------------X

**MEMORANDUM AND ORDER**

15 Civ. 7508 (NRB)

**NAOMI REICE BUCHWALD**
**UNITED STATES DISTRICT JUDGE**


      Defendant American Arbitration Association, Inc. ("AAA")
has moved to dismiss pursuant to Federal Rules of Civil
Procedure 12(b)(1) and 12(b)(6) the First Amended Complaint
filed ("Amended Complaint" or "Am. Compl.") by plaintiffs
Gregory Imbruce, Giddings Investments, LLC, Giddings Genpar
LLC, Hunton Oil Genpar LLC, Asym Capital III LLC, Glenrose
Holdings LLC, and Asym Energy Investments LLC (collectively,
"plaintiffs").  In an arbitration proceeding administered by
AAA, plaintiffs brought claims against a number of nonparties
to this litigation (the "Henry Parties"), who subsequently
filed counterclaims against plaintiffs in that proceeding.  In
September 2015, two weeks after the arbitrator rendered an
award including monetary damages in favor of the Henry Parties

against plaintiffs, AAA assessed the Henry Parties a filing fee for a monetary damages claim, which fee the Henry Parties paid. Plaintiffs claim that this post-award fee assessment violated the AAA Commercial Arbitration Rules and Mediation Procedures (the "AAA Rules") that the AAA and the parties to the arbitration had agreed governed the proceeding.  Plaintiffs bring claims against AAA under Connecticut state law for breach of contract, breach of the implied covenant of good faith and fair dealing, unjust enrichment, fraud, and violation of the Connecticut Unfair Trade Practices Act ("CUPTA"), Conn. Gen. Stat. § 42-110a, <u>et seq.</u>, in addition to a claim for a declaratory judgment.  For the following reasons, AAA's motion to dismiss pursuant to Rule 12(b)(6) is granted.

**<u>BACKGROUND</u>**

**I.   <u>Factual History</u>**

AAA is a New York not-for-profit corporation that administers dispute resolution.  Plaintiffs (or the "Imbruce Parties") are comprised of Gregory Imbruce and six LLCs; Imbruce is the sole member of each LLC.  Plaintiffs are defendants in two actions brought by the Henry Parties in Connecticut Superior Court (the "Underlying Actions").  <u>See</u> <u>Henry v. Imbruce</u>, Nos. X08FSTCV125013927S, X08FSTCV126014987S

2

(Conn. Super. Ct.).   After the Imbruce Parties filed a demand for arbitration, and upon the Imbruce Parties' motion, the Underlying Actions were stayed in July 2014 pending conclusion of the arbitration.

The plaintiffs, Henry Parties, and AAA agreed to be bound by the AAA Rules during the arbitration.   According to Rule R-6(a) of the AAA Rules, a party to an AAA arbitration may increase or decrease the amount of its claim or counterclaim at any time prior to the close of the hearing or by a date established by the arbitrator.   AAA Rule R-6(a), Am. Compl., Ex. 1 at 13.   Under the Rule, written notice of the change of claim amount must be provided to AAA and all parties, and if the change of claim amount results in an increase in administrative fee owed to AAA, the balance of the fee is due before the change of claim amount may be accepted by the arbitrator.   Id.   Prior to the close of the arbitration hearing on July 28, 2015, plaintiffs filed a notice of increase of amount of their claim, and AAA then sought an additional fee of $6,000 for the increased claim to be considered.

Up to that point, the AAA invoices sent to plaintiffs identified a filing fee for a nonmonetary counterclaim, and no fee for a monetary counterclaim, asserted by the Henry Parties. See Am. Compl., Exs. 2-5.   On September 11, 2015, the arbitrator issued an award in favor of the Henry Parties on

their counterclaims against plaintiffs, which award included, inter alia, monetary damages of $7,805,544.05. Id. Ex. 6.

AAA invoices dated September 16, 2015, also did not identify a filing fee for a monetary counterclaim. Id. Exs. 7-9. Plaintiffs sought clarification on whether the Henry Parties had paid the filing fee to AAA in connection with the monetary damages award; AAA responded that the Henry Parties argued a specific claim at the hearing and the arbitrator made an award based on that articulation, and that "an appropriate filing fee has been assessed and will be collected." Id. ¶¶ 56-57. On September 23, 2015, the Henry Parties paid the filing fee to AAA for a monetary counterclaim.

## II.  **Procedural History**

On the same day that the Henry Parties paid their fee, plaintiffs commenced an action in this Court seeking injunctive relief precluding AAA from accepting any payment from the Henry Parties relating to their counterclaim. Plaintiffs' Complaint alleged that "AAA, individually, and in active concert with counsel for the [Henry Parties], intends to immediately and imminently accept payment for a counterclaim that violated the fundamental due process rights of the Claimants," the AAA Rules, and arbitration law. Complaint ¶ 17, ECF No. 1. AAA filed a motion to dismiss pursuant to Rule 12(b)(1) for lack of

subject matter jurisdiction and Rule 12(b)(6) for failure to state a claim. Plaintiffs were granted leave to file an amended complaint in January 2016.[1]  The Amended Complaint, which cures the jurisdictional deficiency in the original Complaint, raises claims under Connecticut common law, a claim for violation of CUPTA, and a claim seeking declaratory relief.[2]

**DISCUSSION**

### I.   **Pleading Standard**

On a motion to dismiss under Rule 12(b)(6), the Court must accept as true all factual allegations in the complaint and draw all reasonable inferences in the plaintiffs' favor.  <u>ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.</u>, 493 F.3d 87, 98 (2d Cir. 2007).  Nonetheless, "[f]actual allegations must be enough to raise a right of relief above the speculative level, on the

---

[1]  After reviewing the parties' pre-motion letters concerning AAA's anticipated motion to dismiss, the Court entered an Order on October 28, 2015, granting plaintiffs leave to file an amended complaint within two weeks and, if no amended complaint were filed, permitting AAA to make its motion.  <u>See</u> ECF No. 10.  Over a month later, AAA filed its motion, and in January 2016, plaintiffs sought leave to file an amended complaint.  AAA informed the Court that its motion was equally applicable to the proposed pleading, and we thus granted plaintiffs leave to file the Amended Complaint and deemed AAA's motion to be addressed to that pleading.  <u>See</u> ECF. No. 22.

[2]  AAA's motion to dismiss the original Complaint for lack of jurisdiction was predicated on plaintiffs' failure to plead the citizenship of each member of each plaintiff LLC so as to support diversity jurisdiction.  The Amended Complaint alleges that Imbruce, a Connecticut citizen, is the sole member of each plaintiff LLC.  Accordingly, we are satisfied that we have jurisdiction over this action.  <u>See</u> <u>Handelsman v. Bedford Vill. Assocs. Ltd. P'Ship</u>, 213 F.3d 48, 51-52 (2d Cir. 1999) (for purposes of diversity jurisdiction, LLC has the citizenship of its membership).  We thus treat the motion to dismiss as made solely pursuant to Rule 12(b)(6).

5

assumption that all the allegations in the complaint are true." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citation omitted). Ultimately, plaintiffs must allege "enough facts to state a claim to relief that is plausible on its face." Id. at 570. If plaintiffs "have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." Id. In considering the motion, the Court may also consider documents attached to the complaint as exhibits and documents incorporated by reference in the complaint. Halebian v. Berv, 644 F.3d 122, 130 n.7 (2d Cir. 2011); Chapman v. N.Y. State Div. for Youth, 546 F.3d 230, 234 (2d Cir. 2008).

## II. Arbitral Immunity

A commercial organization sponsoring an arbitration is "entitled to immunity for all functions that are integrally related to the arbitral process." Austern v. Chicago Bd. Options Exch., Inc., 898 F.2d 882, 886 (2d Cir. 1990). As with judicial and quasi-judicial immunity, arbitral immunity is essential to protect decision-makers and organizations that sponsor arbitrators from undue influence and to protect the decision-making process from reprisals by dissatisfied litigants. New England Cleaning Servs., Inc. v. Am. Arbitration Ass'n, 199 F.3d 542, 545 (1st Cir. 1999). Extension of the policy to sponsoring organizations is also

intended to avoid discouraging such organizations from conducting future arbitrations. <u>See</u> <u>id</u>. at 546.

"A sponsoring organization's immunity extends to the administrative tasks it performs, insofar as these are integrally related to the arbitration." <u>Id</u>. at 545; <u>see also</u> <u>id</u>. (selecting arbitrator, billing for services, and scheduling hearing "sufficiently related to the arbitration to be protected by immunity"); <u>Austern</u>, 898 F.2d at 886 (alleged defective notice of hearing and improper selection of panel sufficiently associated with adjudicative phase of arbitration so as to justify immunity). Immunity applies even if the organization has violated its own rules. <u>See</u> <u>Olson v. Nat'l Ass'n of Sec. Dealers</u>, 85 F.3d 381, 383 (8th Cir. 1996).

Similarly, AAA Rule R-52(d) provides that "[p]arties to an arbitration under these rules shall be deemed to have consented that neither the AAA nor any arbitrator shall be liable to any party in any action for damages or injunctive relief for any act or omission in connection with any arbitration under these rules." AAA Rule R-52(d), Am. Compl., Ex. 1 at 29. Where parties have agreed to be bound by the rules of an arbitral organization, courts have enforced similar rules to bar claims against arbitrators and sponsoring organizations. <u>See</u> <u>Landmark Ventures, Inc. v. Cohen</u>, No. 13 Civ. 9044 (JGK), 2014 WL 6784397, at *3 (S.D.N.Y. Nov. 26, 2014) (parties' contract

provided that parties agreed to be bound by ICC Rules; court enforced ICC Rule providing arbitrator and ICC immunity from suit); <u>Kuruwa v. Am. Arbitration Ass'n</u>, No. 13 Civ. 2419 (PKC), 2013 WL 2433068, at *1 (S.D.N.Y. June 3, 2013) (policy provided for AAA arbitration; AAA Rule barred claim for injunctive relief against AAA and arbitrator); <u>Richardson v. Am. Arbitration Ass'n</u>, 888 F. Supp. 604, 605 (S.D.N.Y. 1995) (collective bargaining agreement provided for arbitration under AAA Rules; AAA Rule barred plaintiff's claim).

## III. <u>Application</u>

AAA contends that arbitral immunity requires dismissal of the Amended Complaint.  Plaintiffs respond that this action presents an "issue of first impression, namely whether the doctrine of arbitral immunity should be applied to conduct occurring after issuance of an arbitral award."  Plaintiffs' Opposition to Motion to Dismiss ("Pl. Mem.") at 1.  Plaintiffs argue that when the award was issued, the arbitrator and AAA were stripped of authority under the common law principle of <u>functus officio</u>, meaning "task performed" in Latin.  Because AAA allegedly wrongfully assessed a fee against the Henry Parties after the award, plaintiffs claim that they are only challenging AAA's conduct following completion of the

adjudicative process and after AAA lost jurisdiction, and thus that immunity should not apply.

We reject this thinly veiled attempt to evade arbitral immunity. If, as plaintiffs maintain, their objection is solely that AAA wrongfully collected a filing fee for a monetary counterclaim from the Henry Parties post award, then plaintiffs have not suffered harm that this suit could redress. AAA's allegedly tardy collection of a fee from other parties to the arbitration did not by itself cause plaintiffs to suffer injuries giving rise to a justiciable controversy, see Lujan v. Defs. of Wildlife, 504 U.S. 555, 560-61 (1992) (listing requirements of Article III standing), or supporting their claims for damages.[3]  The only possible injury that plaintiffs could claim to have suffered from AAA's assessment of a fee against the Henry Parties after the award stems from AAA's failure to do so prior to the award, thereby leaving plaintiffs without notice of the Henry Parties' monetary counterclaim or

---

[3] Plaintiffs' common law and statutory claims require some form of injury, whether it be an ascertainable loss or some other detrimental effect, to have been suffered as a result of a defendant's conduct. See Landmark Inv. Grp., LLC v. CALCO Const. & Dev. Co., 318 Conn. 847, 880-81, 124 A.3d 847, 867 (2015) (private cause of action under CUPTA); Meyers v. Livingston, Adler, Pulda, Meiklejohn & Kelly, P.C., 311 Conn. 282, 291, 87 A.3d 534, 540 (2014) (breach of contract); Ramirez v. Health Net of Ne., Inc., 285 Conn. 1, 16 n.18, 938 A.2d 576, 587 n.18 (2008) (breach of implied covenant of good faith and fair dealing); Beik v. Thorsen, 169 Conn. 593, 593, 363 A.2d 1030, 1031 (1975) (fraud); Schirmer v. Souza, 126 Conn. App. 759, 763, 12 A.3d 1048, 1052 (Conn. App. Ct. 2011) (unjust enrichment).

somehow rendering the award of monetary relief on that counterclaim invalid.[4]

The fact that plaintiffs are effectively challenging AAA's failure to assess the fee prior to the award is clear from their submissions. Although the Amended Complaint states that it is based on AAA's conduct "occurring <u>after</u> an arbitral award was entered," Am. Compl. ¶ 1 (emphasis in original), nearly all of its factual allegations describe AAA's failure to assess a fee prior to the award, <u>see id</u>. ¶¶ 22-43. Furthermore, even though the Amended Complaint alleges that AAA wrongfully accepted a fee from the Henry Parties post award, the only justification provided for this conduct being "wrongful" is that AAA Rules state that if a "change of claim amount results in an increase in administrative fee, the balance of the fee is due before the change of claim amount may be accepted by the

---

[4] Indeed, this is what plaintiffs argued when moving to vacate the arbitral award in the Underlying Actions. The court rejected the arguments, made by plaintiffs as defendants in those actions, that the "arbitrator lacked authority to enter a monetary award" because the Henry Parties failed to pay the filing fee and that the failure to pay the fee meant that the plaintiffs were not on notice of the monetary counterclaim until after the award was issued. <u>Henry v. Imbruce</u>, No. X08FSTCV125013927S, 2016 WL 1728236, at *5 (Conn. Super. Ct. Apr. 11, 2016). The court first determined that the record revealed that plaintiffs had "ample notice" that the Henry Parties were "seeking monetary damages at all pertinent times" prior to the award. <u>Id</u>. Turning to the argument that the arbitrator had no authority to enter the monetary award, the court concluded that "nothing in the AAA Rules" indicated that the "failure of a party to pay a fee which has not been billed deprives the arbitrator of any authority," and that the parties' submission to arbitration was broad enough to encompass monetary damages. <u>Id</u>. at *5-6.
    AAA requests that we take this decision into account and find plaintiffs' claims to be collaterally estopped. Because we conclude that the claims are barred for other reasons, we do not reach the estoppel issue.

arbitrator," Am. Compl. ¶ 20 (quoting AAA Rule R-6(a)). Plaintiffs' claim that post-award fee assessment was wrongful thus necessarily depends on their theory that AAA was required to collect the fee prior to the arbitrator accepting, and awarding damages on, the Henry Parties' monetary counterclaim. One need only examine paragraphs 61 and 62 of the Amended Complaint: "The AAA failed to assess any fee for any monetary claim by the Henry Parties against the Imbruce Parties prior to the issuance of the Award," and "[a]s a result" of that failure and "the Henry Parties' failure to pay and otherwise given [sic] notice to the Imbruce Parties of a monetary claim, the Award should not have included a damages award against the Imbruce Parties." Id. ¶¶ 61-62 (emphasis added). These allegations, which are the only allegations suggesting any sort of injury in the Amended Complaint, are aimed at AAA's failure to assess a fee prior to issuance of the award.

Plaintiffs similarly twist themselves into knots in their opposition memorandum in an effort to make it seem as if they challenge only post-award conduct. They state that "to be clear, plaintiffs do not rely on the lack of notice as a basis for their claim," and that their claims are "based entirely on the fact that on September 23, 2015, twelve days after the Award, the AAA invoiced and accepted fees for a monetary claim that had not been previously asserted." Pl. Mem. at 11. Yet,

after asserting that AAA acted "[i]n breach of the AAA Rules"
by accepting the fee, plaintiffs explain:

> The AAA failed to assess any fee for any monetary claim by
> the Henry Parties against the Imbruce Parties prior to the
> issuance of the Award.  The AAA assessed the fee after the
> adjudicative process and after it was <u>functus officio</u>.
> That conduct damaged the plaintiffs.

<u>Id</u>. at 11-12 (citations omitted).  We cannot read this
paragraph to mean anything other than what it plainly says:
plaintiffs assert that they were harmed by AAA's failure to
assess a fee from the Henry Parties before the award.

As their claims in fact challenge pre-award conduct,
plaintiffs' reliance on the <u>functus officio</u> doctrine is
misplaced.[5]  Plaintiffs seek to hold AAA liable for an alleged
failure to act prior to completion of the adjudicative process.
We have no trouble concluding that claims asserting that AAA
violated its rules by failing to collect a monetary
counterclaim fee prior to the arbitrator accepting and issuing
a damages award on that monetary counterclaim are "sufficiently

---

[5] Assuming the allegedly wrongful conduct occurred after the arbitrator
became <u>functus officio</u>, we are still not certain the arbitrator would lose
immunity.  Even after becoming <u>functus officio</u>, and thereby losing authority
to adjudicate the issues submitted to her, an arbitrator retains authority
to, for example, correct a mistake which is apparent on the face of the
award.  <u>T.Co Metals, LLC v. Dempsey Pipe & Supply, Inc.</u>, 592 F.3d 329, 342
(2d Cir. 2010).  Indeed, AAA has submitted the arbitrator's "Disposition of
Motions to Correct the Award" denying two motions to correct the award in
the arbitration.  Reply Declaration of Theodore L. Hecht, Ex. B.  The ruling
is dated October 9, 2015, after payment of the fee at issue.  Given that the
arbitrator at least still retained authority over whether the errors in the
award warranted correction, it is far from clear that the policy rationales
supporting arbitral immunity would counsel in favor of stripping her and AAA
of immunity for conduct prior to that ruling.

associated with the adjudicative phase of the arbitration to justify immunity." <u>Austern</u>, 898 F.2d at 886; <u>see</u>, <u>e.g.</u>, <u>Gill v. Fin. Indus. Regulatory Auth.</u>, No. 11 Civ. 2713 (PAC) (RLE), 2013 WL 1203746, at *5-6 (S.D.N.Y. Mar. 6) (arbitral immunity barred claims based on improper notice of hearing and amount of time claimant received to defend himself), <u>report and recommendation adopted</u>, No. 11 Civ. 2713 (PAC) (RLE), 2013 WL 1201499 (S.D.N.Y. Mar. 25, 2013).

Accordingly, based both on AAA Rule R-52(d), which the parties agreed to be bound by, and on the doctrine of arbitral immunity, plaintiffs' claims for damages must be dismissed. <u>See</u> <u>Austern</u>, 898 F.2d at 886; <u>Landmark Ventures, Inc.</u>, 2014 WL 6784397, at *5. Nor do we believe that plaintiffs may go forward with their claim for a judgment declaring that "the assessment and collection of any fees for a monetary claim by the Henry Parties after the issuance of the Award was void and without any effect." Am. Compl. at 12, ¶ 8. We can only construe this claim as an indirect attempt to challenge the arbitral award through a declaration that the arbitrator was without authority to award monetary damages. Such an attack must be brought in an action to vacate the arbitrator's decision, <u>see</u> 9 U.S.C. §§ 9-12, which plaintiffs have already unsuccessfully attempted to do in the Underlying Actions, <u>see</u> <u>supra</u> note 4. <u>Cf</u>. <u>Glob. Gold Min., LLC v. Robinson</u>, 533 F.

Supp. 2d 442, 448 (S.D.N.Y. 2008) ("In order to protect the decision-making process, courts should be wary of claims which, regardless of their nominal title, effectively seek to challenge a decisional act made during the arbitration process." (internal quotation marks and brackets omitted)).[6]

---

[6] Plaintiffs requested an opportunity to submit a brief surreply to the extent that AAA raised new arguments in its reply.  Because AAA did not raise new arguments in its reply, we deny this request.  We also deny this request for an independent reason: although we have considered plaintiffs' arguments seriously, the semantic distinction plaintiffs urge us to adopt in their attempt to avoid arbitral immunity borders on the frivolous.

## CONCLUSION

For the foregoing reasons, we grant AAA's motion to dismiss the Amended Complaint. The Clerk of the Court is respectfully instructed to terminate the motion pending at ECF No. 13 and to close this case.

**SO ORDERED.**

Dated:     New York, New York
           September *22*, 2016

NAOMI REICE BUCHWALD
UNITED STATES DISTRICT JUDGE

15